WATFORD, Circuit Judge,
concurring:
The Plan Committee’s principal concern is that, if GIT is unable to collect the full value of its claim from the DOE, GIT might return to the bankruptcy estate to seek payment of the deficiency, thereby effectively obtaining post-petition interest to the detriment of other creditors. While this is a valid concern, I agree with the district court that it does not affect the outcome here. GIT has conceded that it cannot collect post-petition interest from the estate. Thus, as the district court suggested, if GIT recovers $9,842,711.83 (the allowed amount of the GIT claim) or more from the DOE, GIT will be unable to seek further payment from the estate. If GIT recovers less than that amount, it may not allocate any portion of the DOE’s payment to post-petition interest first in an effort to maximize recovery from the bankruptcy estate, because doing so would be an attempt to circumvent § 502(b)(2)’s bar on collection of post-petition interest from the estate. See In re Nat’l Energy & Gas Transmission, Inc., 492 F.3d 297, 302-03 (4th Cir.2007).